25-1922

IN THE

# United States Court of Appeals

FOR THE THIRD CIRCUIT

---

KALSHIEX LLC.,

*Plaintiff-Appellee*

vs.

MARY JO FLAHERTY, ET AL.

*Defendants-Appellants*

---

On Appeal from the United States District Court

for the District of New Jersey

Case No. 1:25-cv-2152

---

**MOTION OF THE NEW FINANCE INSTITUTE
FOR LEAVE TO FILE BRIEF AS AMICUS CURIAE
IN SUPPORT OF NEITHER PARTY AND IN SUPPORT OF REVERSAL**

---

Scott D. Brenner, Esq.
Parlatore Law Group, LLP
One World Trade Center, Suite 8500
New York, NY 10017
Telephone: 212.603.9918
scott.brenner@parlatorelawgroup.com
*Attorney for Amicus Curiae*
*New Finance Institute*

The New Finance Institute ("NFI") respectfully moves this Court for leave to file the accompanying brief as amicus curiae in support of neither party and in support of reversal. Pursuant to Fed. R. App. P. 29(a), amicus sought the consent of all parties to the filing of this brief. On June 17, 2025, counsel for Amicus Curiae communicated with counsel for the Plaintiff-Appellee and Defendants-Appellants, respectively, to obtain consent for the instant filing. Plaintiff-Appellant has responded affirmatively but Defendants-Appellants have not yet responded as of the date and time of filing.

Counsel for proposed Amicus Curiae, Scott D. Brenner filed entry of appearance at 5:08pm because he was blocked from using the ECF because others were filing. A clerk assisted by calling the other person who left the site so that Mr. Brenner could file the appearance. This Motion is now being filed to follow the appearance. The proposed Amicus Curiae prays that it be accepted and granted by the court.

A copy of NFI's proposed amicus brief is attached to this motion as Exhibit A.

# AMICUS CURIAE'S STATEMENT OF IDENTITY, INTEREST IN THE CASE AND THE SOURCE OF ITS AUTHORITY[1]

NFI is a public benefit corporation with a mission dedicated to advancing financial literacy and improving legal outcomes through definitional clarity. NFI's work centers on the premise that prosperity and informed decision-making begin with a shared understanding of foundational financial terms.

NFI has been an active participant in the courts and has submitted multiple amicus briefs, including in *SEC v. Coinbase Inc.*, No. 1:23-cv-04738 (S.D.N.Y.) and *SEC v. Binance Holdings, Ltd.*, No. 1:23-cv-01599 (D.D.C.), both of which have since been dismissed. With a connection to this matter, NFI offered its perspective on the regulatory treatment of event contracts in its comment letter to the Commodity Futures Trading Commission on August 8, 2024. This amicus brief draws on NFI's holistic, multi-disciplinary approach to assist the Court. By situating the legal questions in their proper financial and historical context, NFI aims to provide the Court with a distinct and constructive viewpoint to assist in resolving the issues presented.

---

[1] No counsel for any party authored the attached brief in whole or in part, and no entity or person, aside from the proposed amicus curiae and its counsel, made any monetary contribution intended to fund the preparation or submission of the attached brief. As of the time of this motion's filing, the undersigned counsel and his law firm do not represent any of the parties before this Court with respect to this case or any related matters.

## ARGUMENT

The criteria set out in Rule 29(b) are met if a putative amicus has "a sufficient 'interest' in the case and [its] brief is 'desirable' and discusses matters that are 'relevant to the disposition of the case.'" *Neonatology Associates, P.A. v. C.I.R.*, 293 F.3d 128, 129 (3d Cir. 2002) (Alito, J.) (quoting rule). In applying the criteria, "a broad reading is prudent" and "it is preferable to err on the side of granting leave." *Id*. at 132-33. "Even when the other side refuses to consent to an amicus filing, most courts of appeals freely grant leave to file, provided the brief is timely and well-reasoned." Micael E. Tigar & Jane B. Tigar, Federal Appeals—Jurisdiction and Practice 181 (3d ed. 1999) (quoted approvingly in *Neonatology Associates*, 293 F.3d at 133). "An amicus brief should normally be allowed when … the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Citizens Against Cas. Gam., Erie Co. v. Kempthorne*, 471 F. Supp. 2d 295 (W.D.N.Y. 2007) (internal citations omitted).

NFI has unique insights that will likely be not offered to the Court by either party or other *amici*. NFI consists of individuals, one of which was involved with a comment letter to the CFTC regarding its *Event Markets Concept Release* in 2008, contributed significant research assistance to a petition of certiorari to the Supreme Court of the United States in as early as 2013, which presented the question of

whether sports performance is an excluded commodity under the Commodity Exchange Act, and was also heavily involved with another comment letter to the CFTC regarding ErisX's proposed NFL contracts. More recently, NFI itself submitted a comment letter to the CFTC on its proposed rulemaking on event contracts in August 2024.

Years later, the question of whether sports is an excluded commodity and the considerations around event markets are now central to the case at bar. Having considered preemption-related issues in connection with event markets in general and sports event contracts in particular, and having tracked the evolution of sports markets closely for more than 20 years, NFI believes that it has a unique perspective that will assist this Court beyond the help that the lawyers for the parties and other amici are able to provide.

## **CONCLUSION**

For these reasons, this Court should grant NFI's motion for leave to file the amicus brief attached hereto as Exhibit A.

Dated: June 17, 2025 Respectfully submitted,

By: *S/Scott D. Brenner*
_____

Scott D. Brenner, Esq.
Parlatore Law Group, LLP
One World Trade Center, Suite 8500
New York, NY 10007
Telephone: (212) 603-9918
scott.brenner@parlatorelawgroup.com
*Attorney for Amicus Curiae*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 17, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Third Circuit using the appellate CM/ECF system. To the best of my knowledge, all parties to this appeal are represented by counsel who are registered CM/ECF users and will be served electronically by the appellate CM/ECF system.

/s/ Scott D. Brenner