

**State of New Jersey**

| | OFFICE OF THE ATTORNEY GENERAL | |
|---|---|---|
| PHILIP D. MURPHY | DEPARTMENT OF LAW AND PUBLIC SAFETY | MATTHEW J. PLATKIN |
| *Governor* | OFFICE OF THE SOLICITOR GENERAL | *Attorney General* |
| | PO BOX 080 | |
| | TRENTON, NJ  08625-0080 | |
| TAHESHA L. WAY | | JEREMY M. FEIGENBAUM |
| *Lt. Governor* | | *Solicitor General* |

November 19, 2025

**VIA ECF**

Patricia S. Dodszuweit, Clerk of Court
U.S. Court of Appeals for the Third Circuit
21400 United States Courthouse
601 Market Street
Philadelphia, PA 19106-1790

      Re:   ***KalshiEx LLC v. Mary Jo Flaherty, et al.*, No. 25-1922 FRAP 28(j) Response**

Dear Ms. Dodszuweit:

    *Blue Lake Rancheria v. Kalshi Inc.*, No. 3:25-cv-6162 (N.D. Cal. Nov. 10, 2025), has no bearing on this case.

    *Blue Lake* concerned claims that Kalshi's sports bets violate the Indian Gaming Regulatory Act and that Kalshi's advertisements violate the Lanham Act. *See* Op.1. But this case is not about whether Kalshi's sports bets violate *federal* law; this case is about (1) whether Kalshi's sports bets fall within the Commodity Exchange Act's definition of "swaps," and, if so, (2) whether Congress silently superseded *state* gambling laws through the 2010 Dodd-Frank reforms.  On both questions, recent court decisions have gone against Kalshi.  The company's sports wagers are not swaps. *N. Am. Derivatives Exch. v. Nev. Gaming Control Bd.*, 2025 WL 2916151 (D. Nev. Oct. 14, 2025).  And, even if they are, the Act does



not preempt state gambling laws. *KalshiEX LLC v. Martin*, 2025 WL 2194908 (D. Md. Aug. 1, 2025). So it is beside the point whether the Commodity Exchange Act and the Indian Gaming Regulatory Act are "capable of co-existence." Op.9.

In any event, Kalshi has never had an answer to one fundamental point—a point the *Blue Lake* court did not address. The Act makes it a *federal crime* to willfully trade swaps outside CFTC-regulated exchanges. So "if the statutory definition of swaps covers" Kalshi's sports wagers, then "all sports betting must be done on a" CFTC-regulated exchange. *N. Am. Derivatives*, 2025 WL 2916151, at *9. Yet the Act's "language and legislative history show that Congress did not intend" such a massive "sea change." *Id.* at *10.

The court's conclusion that it lacked jurisdiction over the legality of Kalshi's sports bets is also irrelevant. Op.12. Although the CFTC has full authority to review Kalshi's sports bets, it has not "taken any official action to approve" such "sports-related event contracts." CFTC Advisory 25-36 at 2 n.4 (Sept. 30, 2025), https://www.cftc.gov/node/256931. And regardless, Congress "did not want gambling to take place on CFTC-designated exchanges." *Am. Derivatives*, 2025 WL 2916151, at *10. So the Act does not "render obsolete state laws limiting or regulating gambling." *Martin*, 2025 WL 2194908 at * 11.

Respectfully submitted,

MATTHEW J. PLATKIN
ATTORNEY GENERAL OF NEW JERSEY

By: /s/ *Liza B. Fleming*
Liza B. Fleming
Deputy Attorney General

cc: All counsel (via ECF)
Word Count: 350

