

**WILL HAVEMANN**
*Partner*
1101 New York Ave., N.W.　|　Washington, DC 20005
T: +1 (202) 835-7518
whavemann@milbank.com　|　milbank.com

January 26, 2026

**By Electronic Filing**

Patricia S. Dodszuweit
Clerk of Court
U.S. Court of Appeals for the Third Circuit
21400 United States Courthouse
601 Market Street
Philadelphia, PA 19106-1790

   **Re:** *KalshiEX LLC v. Mary Jo Flaherty, et al.*, No. 25-1922
      FRAP 28(j) Letter Response

Dear Ms. Dodszuweit:

  *Massachusetts* is unpersuasive for numerous reasons.

  First, *Massachusetts* wrongly applied a presumption against preemption. Op. 8. No presumption applies given the "history of significant federal presence" in derivatives regulation. *United States v. Locke*, 529 U.S. 89, 108 (2000). And "*interstate* gambling isn't a traditional area of state regulation," either. *Churchill Downs Tech. Initiatives Co. v. Mich. Gaming Control Bd.*, 162 F.4th 631, 642 n.5 (6th Cir. 2025).

  Second, *Massachusetts* incorrectly rejected field preemption. It disregarded the CFTC's "exclusive jurisdiction" for policy reasons, flouting the 50-year consensus that "the CEA preempts the application of state law," including gaming law. *Leist v. Simplot*, 638 F.2d 283, 322 (2d Cir. 1980); *see Rasmussen v. Thomson & McKinnon Auchincloss Kohlmeyer, Inc.*, 608 F.2d 175, 178 (5th Cir. 1979) (state-law "commercial gambling" charge preempted); *Am. Agric. Movement Inc. v. Bd. of Trade of Chi.*, 977 F.2d 1147, 1157 (7th Cir. 1992) (state common-law claims preempted); *United States v. Brien*, 617 F.2d 299, 310 (1st Cir. 1980) ("the entire field of commodities futures regulation" preempted). It also misread Section 16(e)(2), which preempts "gaming" laws as to "excluded"—*i.e.*, off-DCM—transactions. 7 U.S.C. § 16(e)(2). Introducing preemption for off-DCM transactions did not undo preemption for on-DCM transactions, and Congress reaffirmed the CEA already "supersedes and preempts" state law as applied to on-DCM transactions. H.R. Rep. No. 106-711, pt. 2, at 71 (2000).

MILBANK LLP

NEW YORK　|　LOS ANGELES　|　WASHINGTON, D.C.　|　SÃO PAULO　|　FRANKFURT
LONDON　|　MUNICH　|　HONG KONG　|　SEOUL　|　SINGAPORE　|　TOKYO

  Third, *Massachusetts* incorrectly rejected conflict preemption. Any "*additional* regulatory burden" from states on DCM transactions (Op. 14) necessarily contravenes "Congress' intent to bring the markets under a uniform set of regulations," which was necessary to ensure DCMs could "operate efficiently" or even "at all." *Am. Agric.*, 977 F.2d at 1156.

  Finally, *Massachusetts* (Op. 13) wrongly used out-of-context statements about gambling in Dodd-Frank's legislative history to "replace the [CEA's] actual text with speculation as to Congress' intent." *Oklahoma v. Castro-Huerta*, 597 U.S. 629, 642 (2022). The Special Rule proves Congress knew contracts involving "gaming" would be subject to CFTC jurisdiction. 7 U.S.C. § 7a-2(c)(5)(C). And even the legislative history *Massachusetts* relied on shows "Congress intended for the CFTC alone" to decide whether to prohibit gaming contracts, as architects of Dodd-Frank have explained. Members of Congress Br. 5.

Respectfully submitted,

/s/ William E. Havemann
William E. Havemann

*Counsel for Appellee KalshiEX LLC*

cc: All Counsel (via ECF)
Word Count: 350