

*State of New Jersey*

| | OFFICE OF THE ATTORNEY GENERAL | |
|---|---|---|
| **MIKIE SHERRILL** | DEPARTMENT OF LAW AND PUBLIC SAFETY | JENNIFER DAVENPORT |
| *Governor* | OFFICE OF THE SOLICITOR GENERAL | *Acting Attorney General* |
| | PO BOX 080 | |
| | TRENTON, NJ 08625-0080 | |
| **DR. DALE G. CALDWELL** | | JEREMY M. FEIGENBAUM |
| *Lt. Governor* | | *Solicitor General* |

February 3, 2026

**<u>VIA ECF</u>**

Patricia S. Dodszuweit, Clerk of Court
U.S. Court of Appeals for the Third Circuit
21400 United States Courthouse
601 Market Street
Philadelphia, PA 19106-1790

>   Re: ***KalshiEx LLC v. Mary Jo Flaherty, et al.***, No. 25-1922
>        **FRAP 28(j) Response**

Dear Ms. Dodszuweit:

The cited remarks of the CFTC's Chairman have no bearing here.

First, the Chairman expressly acknowledged that his views "are [his] own" and "do not necessarily reflect those of the Commission." Stmt.1. To date, the CFTC has not withdrawn any rules or advisories, proposed (or promulgated) a new event-contracts rule, or weighed in on any current litigation (despite numerous opportunities to do so).

Second, even if the CFTC takes those steps, it would not affect the legal analysis. "Courts must exercise their independent judgment in deciding whether an agency has acted within its statutory authority." *Loper Bright v. Raimondo*, 603 U.S. 369, 412 (2024). To do that, courts use "the traditional tools of statutory



construction." *Id.* at 401. Those tools support New Jersey, as every other court has found. Congress must "enact exceedingly clear language if it wishes to significantly alter the balance between federal and state power," to "displace" preexisting federal gambling laws, or to "exercise powers of vast economic and political significance." Appellants' Br.19–22. Dodd-Frank's "swap" definition falls far short. And as courts have recognized, if Kalshi's sports bets are "swaps," so are all sports bets. ECF.84. Absurd consequences would follow: because it is a *federal crime* to trade swaps outside CFTC-regulated exchanges, "all sports betting must be done on" such exchanges. *Id.*; 7 U.S.C. § 2(e). Instead, a "swap" only covers events that are inherently financial, not those that "have some potential downstream financial consequence." ECF.88. "Weather derivatives," for example, do not fit that definition; they are only swaps because Congress expressly enumerated and linked "weather swap[s]" to "financial risk." *Compare* ECF.88, *with* 7 U.S.C. § 1a(47)(a)(iii).

Third, the Chairman's statement addresses whether he believes sports bets should be excluded under the special rule—not (1) whether Kalshi's sports bets are "swaps" within the CFTC's jurisdiction in the first place, or (2) whether that would preempt States from regulating the very same sports wagers. Courts have rightly rejected both arguments. ECF.84, 88, 91. So the court below is the only one to wrongly accept Kalshi's attempted federalization of the multi-billion-dollar gaming industry.

       Respectfully submitted,

       JENNIFER DAVENPORT
       ACTING ATTORNEY GENERAL OF NEW JERSEY

       By:  */s/ Liza B. Fleming*
            Liza B. Fleming
            Deputy Attorney General

cc: All counsel (via ECF)
Word Count: 346

