

# State of New Jersey

**MIKIE SHERRILL**
*Governor*

DR. DALE G. CALDWELL
*Lt. Governor*

OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LAW AND PUBLIC SAFETY
OFFICE OF THE SOLICITOR GENERAL
PO BOX 080
TRENTON, NJ  08625-0080

JENNIFER DAVENPORT
*Acting Attorney General*

JEREMY M. FEIGENBAUM
*Solicitor General*

February 20, 2026

**VIA ECF**

Patricia S. Dodszuweit, Clerk of Court
U.S. Court of Appeals for the Third Circuit
21400 United States Courthouse
601 Market Street
Philadelphia, PA 19106-1790

>   Re:  *KalshiEX LLC v. Mary Jo Flaherty, et al.*, No. 25-1922
>        FRAP 28(j) Response

Dear Ms. Dodszuweit:

The CFTC's Ninth Circuit amicus brief—which presses views the agency had never before advanced—is both irrelevant and incorrect.

Its brief is inapposite because courts "must exercise their independent judgment" on federal statutory questions. ECF.94; *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 412 (2024). Indeed, questions "about the scope of an agency's own power" are where agency deference "is *least* appropriate." *Id.* at 401. And courts have never "deferred to an agency's conclusion that state law is pre-empted." *Wyeth v. Levine*, 555 U.S. 555, 576 (2009). So the CFTC's views on the two questions in this case—whether Kalshi's sports bets are "swaps" and, if so, whether that somehow displaces longstanding state gambling laws—have no bearing here.



Its arguments are also wrong. The CFTC reiterates Kalshi's argument that the agency is exclusively responsible for regulating on-exchange swaps and that States may regulate off-exchange sports wagers, Br.25, arguing the two could differ based on the "mechanics of the instruments" and "the price maker," Br.20. But that distinction has nothing to do with the statutory definition of "swap," which covers *all* transactions with a "payment" dependent on an "event" associated with "a potential financial, economic, or commercial consequence." 7 U.S.C. § 1a(47). And the CFTC's reasoning would hold as true for a sports wager offered by the Bellagio (off-exchange) as for one offered by Kalshi (on-exchange). So if the CFTC is correct, "all sports betting must be done on" exchanges and all casinos are committing a federal crime. ECF.84; 7 U.S.C. § 2(e).

The CFTC's brief simply rehashes the same arguments made by Kalshi and rejected repeatedly by various courts since the decision below. ECF.84, 88, 91, 94. "Swap" covers events that are inherently financial, not those with "some potential down-stream financial consequence." ECF.88, 94. And Congress—which enacted the special rule prohibiting certain "gaming" transactions the CFTC fails to mention—never meant to oust States from their historical role as gambling regulators. Appellants' Br.26–53. To the contrary, in Kalshi's own words, "Congress did not want sports betting to be conducted on derivatives markets." Reply 22; *accord* ECF.84.

          Respectfully submitted,

          JENNIFER DAVENPORT
          ACTING ATTORNEY GENERAL OF NEW JERSEY

By:   */s/ Liza B. Fleming*
      Liza B. Fleming
      Deputy Attorney General

cc: All counsel (via ECF)
Word Count: 350

