

**WILL HAVEMANN**
*Partner*
1101 New York Ave., N.W.   |   Washington, DC 20005
T: +1 (202) 835-7518
whavemann@milbank.com   |   milbank.com

February 26, 2026

**By Electronic Filing**

Patricia S. Dodszuweit
Clerk of Court
U.S. Court of Appeals for the Third Circuit
21400 United States Courthouse
601 Market Street
Philadelphia, PA 19106-1790

      Re:    *KalshiEX LLC v. Mary Jo Flaherty, et al.*, No. 25-1922
             FRAP 28(j) Letter Response

Dear Ms. Dodszuweit:

    *Learning Resources v. Trump*, 2026 WL 477534 (U.S. Feb. 20, 2026), does not support Defendants. *Learning Resources* rejected the President's claim that IEEPA gave him the "extraordinary power to unilaterally impose tariffs of unlimited amount, duration, and scope." *Id.* at *13. The text of IEEPA did not clearly delegate the power to impose tariffs. Instead, IEEPA authorized the President to "regulate … importation." 50 U.S.C. § 1702(a)(1)(B). The term "regulate" "is not usually thought to include[ ] taxation." *Learning Res.*, 2026 WL 477534, at *10. There is no other "statute in which the power to regulate includes the power to tax." *Id.* "Congress has consistently used words like 'duty' in statutes delegating authority to impose tariffs." *Id.* at *8. And "separation of powers principles" weigh against interpreting IEEPA as a delegation of "the core congressional power of the purse." *Id.*

    This case is not remotely similar. Unlike the "vague language" in *Learning Resources*, *id.*, Section 2(a) of the CEA unambiguously grants the CFTC "exclusive jurisdiction" over DCM-traded "swaps," 7 U.S.C. § 2(a)(1)(A). The statute's text specifically contemplates that some "swap[s]" may "involve" "gaming." 7 U.S.C. § 7a-2(c)(5)(C)(i)(V). And a different federal statute, UIGEA, defines the term "bet or wager" to exclude transactions on DCMs. 31 U.S.C. § 5362(1)(E)(ii). These provisions are unequivocal textual proof that Congress knew on-DCM transactions may involve "gaming" and nevertheless preempted states from subjecting these transactions to state law. An entire statutory scheme—not a "single word," as Defendants maintain—supports preemption.

MILBANK LLP

NEW YORK | LOS ANGELES | WASHINGTON, D.C. | SÃO PAULO | FRANKFURT
LONDON | MUNICH | HONG KONG | SEOUL | SINGAPORE | TOKYO

Nor does this case involve anything like the "extraordinary assertion of power" at issue in *Learning Resources*. 2026 WL 477534, at *10. There, the President asserted unprecedented power to impose trillions of dollars in taxes without congressional approval. *Id.* at *9. Here, it has been settled for decades that the CEA "preempts the application of state law" as to trading on DCMs while leaving states free to regulate off-DCM transactions. *Leist v. Simplot*, 638 F.2d 283, 322 (2d Cir. 1980). Dodd-Frank reaffirmed that divide, applied it to event contracts, and gave the CFTC discretion to conduct public-interest review of event contracts involving "gaming."

Respectfully submitted,

/s/ William E. Havemann
William E. Havemann

*Counsel for Appellee KalshiEX LLC*

cc:   All Counsel (via ECF)
Word Count: 348