

# Milbank

**WILL HAVEMANN**
*Partner*
1101 New York Ave., N.W.  |  Washington, DC 20005
T: +1 (202) 835-7518
whavemann@milbank.com  |  milbank.com

March 26, 2026

**By Electronic Filing**

Patricia S. Dodszuweit
Clerk of Court
U.S. Court of Appeals for the Third Circuit
21400 United States Courthouse
601 Market Street
Philadelphia, PA 19106-1790

>    **Re:**    ***KalshiEX LLC v. Mary Jo Flaherty, et al.*, No. 25-1922**
>        **FRAP 28(j) Letter Response**

Dear Ms. Dodszuweit:

The *Nevada* state court's *ex parte* TRO against Kalshi does not support reversal, for numerous reasons.

*First*, the state court issued the TRO without holding a hearing, even though the CFTC has emphatically asserted its exclusive jurisdiction over Kalshi's contracts and embarked on an event-contracts rulemaking.  Other states are following Nevada's example, including Arizona, which has sought *criminal* penalties against Kalshi on the theory that *all* event contracts are unlawful under state law.  Information, *State of Arizona v. KalshiEX LLC*, No. CR2026-000173-001 (Ariz. Super. Ct. Mar. 16, 2026).  Far from supporting Defendants, this result illustrates the "total chaos" Congress sought to avoid by making the CFTC's jurisdiction "exclusive."  *Am. Agric. Movement, Inc. v. Bd. of Trade of Chi.*, 977 F.2d 1147, 1155-56 (7th Cir. 1992) (citations omitted).

*Second*, Kalshi's compliance with the TRO does not show that a nationwide exchange can comply with 50 different state regimes.  As the CFTC recently confirmed, "[i]f a state bans [a] contract," it is "impossib[le]" for a DCM to comply with that ban while also providing " 'impartial access' to all eligible participants nationwide."  CFTC Amicus Br. 26-27; 17 C.F.R. § 38.151(b). That the TRO has forced Kalshi out of compliance with federal obligations underscores the conflict between state regulation of DCMs and the CEA.

*Third*, Defendants' suggestion that Kalshi could comply with both New Jersey and federal law if it were to "obtain[ ] a license" is plainly incorrect.  New Jersey sports-wagering licensees must accept wagers only from persons within New Jersey.  Appellee Br. 16 (citing N.J. Admin.

MILBANK LLP

NEW YORK | LOS ANGELES | WASHINGTON, D.C. | SÃO PAULO | FRANKFURT
LONDON | MUNICH | HONG KONG | SEOUL | SINGAPORE | TOKYO

Code § 13:69N-1.2(g)).  Defendants have never explained how a nationwide DCM could conceivably comply with this requirement.  Compliance would require forbidding anyone outside New Jersey from trading on Kalshi.  And it would mean that 49 other states could impose the same rule.  This would result in 50 different siloed markets, each with its own liquidity pool, with the exact same contracts trading at different prices from state to state.  This unprecedented arrangement would be utterly anathema to nationwide DCMs, as the Middle District of Tennessee recently recognized.  *KalshiEX LLC v. Orgel*, No. 3:25-cv-34, 2026 WL 474869, at \*9-10 (M.D. Tenn. Feb. 19, 2026).

Respectfully submitted,

/s/ William E. Havemann
William E. Havemann

*Counsel for Appellee KalshiEX LLC*


cc:    All Counsel (via ECF)
       Word Count: 350